IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHAN LEVI MANGOLD,

    **Plaintiff,**

    v.                              CASE NO. 18-3020-SAC

MIKE STONE, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Jonathan Levi Mangold is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I. Nature of the Matter before the Court

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Norton Correctional Facility in Norton, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff's allegations in his Complaint involve his state criminal proceedings. *See* Case Nos. 17-cr-124 and 17-cr-133 in Marion County District Court. Plaintiff sues the state court judge, the prosecuting attorney, Marion Police Department Officer Mike Stone, and the Marion Police Department Chief of Police. Plaintiff alleges that around June 3, 2017, he was illegally searched when he was a passenger in a truck involved in an auto accident. He alleges that Officer Stone used excessive force, resulting in physical injuries. Plaintiff alleges that Officer Stone threatened Plaintiff and his family, rendering his guilty plea involuntary. Plaintiff alleges that the Chief of Police failed to do a proper background check on Officer White. Plaintiff

alleges that county prosecutor Courtney Boehm, and District Court Judge Michael Powers, denied his appeal bond and his motions to withdraw pleas. Plaintiff also asks this Court to exercise supplemental jurisdiction over his state law claims.

Plaintiff seeks $7.5 million in damages for "mental distress, emotional distress, physical distress and scarring, lack of employment due to false search, nightmares." (Doc. 1, at 8.) In an attachment to his Complaint, Plaintiff seeks $10 million in compensatory damages, as well as declaratory relief, an injunction ordering Defendant Boehm to set an appeal bond or to overturn Plaintiff's sentence, $5 million in punitive damages; and nominal damages.

An online Kansas District Court Records Search indicates that in both of his state criminal cases, Plaintiff pleaded guilty, was sentenced, unsuccessfully sought to withdraw his pleas, and appealed. The appeals in both cases were consolidated on March 22, 2018. *See State of Kansas v. Mangold*, Case No. 118996 (Kansas Ct. App.). The consolidated appeal is currently pending and Appellant's brief is due June 22, 2018.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)

(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v.*

*Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1. *Younger Abstention*

The Court may be prohibited from hearing Plaintiff's claims relating to his state criminal case under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."  *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

It appears as though the first condition is met.  Plaintiff's state court criminal proceedings are pending on appeal.  The second condition would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts.  *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44).  Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies.  *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

 "[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding."  *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004); s*ee Buck*, 244 F. App'x at 198.  "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

In responding to this Memorandum and Order and Order to Show Cause, Plaintiff should clarify whether or not state criminal proceedings are ongoing.  If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that

conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87.

### 2. Request to have His State Criminal Charges Dismissed

To the extent Plaintiff challenges the validity of his sentence or conviction, his federal claim must be presented in habeas corpus. However, a petition for habeas corpus is premature until Plaintiff has exhausted available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies).

### 3. Immunity

#### A. State Court Judge

Judge Powers is entitled to personal immunity. "Personal immunities . . . are immunities derived from common law which attach to certain governmental officials in order that they not be inhibited from 'proper performance of their duties.'" *Russ v. Uppah*, 972 F.2d 300, 302–03 (10th Cir. 1992) (citing *Forrester v. White*, 484 U.S. 219, 223, 225 (1988)).

Plaintiff's claim against the state court judge should be dismissed on the basis of judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)

(articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994).  Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity.  *Stump*, 435 U.S. at 356–57.  Plaintiff alleges no facts whatsoever to suggest that Judge Powers acted outside of his judicial capacities.

### *B.  Marion County Attorney*

Plaintiff's claims against Marion County Attorney Boehm fail on the ground of prosecutorial immunity.  Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function.  Plaintiff is directed to show cause why his claims against Marion County Attorney Boehm should not be dismissed based on prosecutorial immunity.

## V.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **July 6, 2018,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 15th day of June, 2018.**

           **s/ Sam A. Crow**
           **Sam A. Crow**
           **U.S. Senior District Judge**